Jin v. Holder

BIA
Hom, IJ
A 098 466 505

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YINGHUA JIN,
> *Petitioner,*

    v.                 11-263

                         NAC

ERIC H. HOLDER, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Ronald D. Richey, Rockville, MD

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Karen Y. Stewart, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Yinghua Jin, a native and citizen of China, seeks review of a December 22, 2010, order of the BIA affirming the January 6, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yinghua Jin*, No. A098 466 505 (B.I.A. Dec. 22, 2010), *aff'g* No. A098 466 505 (Immig. Ct. N.Y. City Jan. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Asylum - Pretermission**

Jin's argument that the IJ ignored changed country conditions based on her membership in the Chinese Democracy and Justice Party (CDJP) as a basis for finding her asylum application timely is misplaced as the IJ found her application time-barred only as to past persecution and denied asylum on the merits with respect to her fear of future persecution based on her CDJP activities in the

2

United States.  Further, the BIA, albeit in the context of determining Jin's withholding claim, considered whether Jin was eligible for asylum and fully addressed the merits of her future persecution claim before denying relief.  Thus, as Jin has not raised a colorable constitutional claim or question of law as to the agency's determination that her asylum application was time-barred, we do not further address the pretermission finding.  *See* 8 U.S.C. §§ 1158(a)(3) (providing that federal courts lack jurisdiction to review agency's pretermission of asylum as untimely), 1252(a)(2)(D) (preserving review of constitutional claims and questions of law).

**II.  Asylum, Withholding of Removal, and CAT - Merits**

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

3

applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports the agency's adverse credibility determination.

In finding Jin not credible, the agency reasonably relied on Jin's demeanor, as well as instances of inconsistent and implausible testimony. *Id*. We give particular deference to the demeanor finding as the record shows multiple occasions on which Jin paused for a long time prior to responding to questions. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The adverse credibility determination is further supported by specific examples of Jin's inconsistent and implausible testimony. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). For example, as the agency found, Jin provided inconsistent testimony with respect to whether her pro-democracy activities on behalf of the CDJP would have negative repercussions for her family in China. *See Xiu Xia Lin*, 534 F.3d at 167. Furthermore, the agency reasonably found implausible Jin's assertion that she did not know the contents of her applications for employment authorization

4

and for adjustment of status, given that Jin had included with her applications the requisite identification materials and had signed her adjustment of status application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2007) (holding that where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb the inherent implausibility finding). A reasonable fact finder would not be compelled to credit Jin's explanations for her inconsistent and implausible testimony. *See Majidi*, 430 F.3d at 80-81.

Ultimately, given the demeanor, inconsistency, and implausibility findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. Accordingly, the agency's denial of relief was not in error as all of the claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Because the adverse credibility determination is dispositive, we do not

reach the agency's alternative finding that, even if credible, Jin failed to meet her burden of proof.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk